IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FERMIN HERNANDEZ-GUTIERREZ, | | |
| Petitioner, | | 8:26-CV-266 |
| vs. | | ORDER |
| WARDEN, McCook Detention Center, et al., | | |
| Respondents. | | |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he has been detained since April 2, 2026, and demands that the government "identify and justify the legal and actual basis for his ongoing confinement." Filing 1 at 6. Well, it has: The petitioner's detention is mandatory pursuant to 8 U.S.C. § 1231(a)(2)(A).

Specifically, the petitioner was first encountered by immigration authorities in Texas in September 2012 after crossing the Rio Grande River. Filing 11 at 4. He was removed from the United States back to his home country of Guatemala in October 2012, and was barred from entry to the United States for 5 years. Filing 11 at 4; filing 11-2. Not giving up easily, he was re-apprehended in Texas in November 2012. He was removed again in December 2012 after his prior order of removal was reinstated, and this time he was barred from entry into the United States for 20 years. Filing 11 at 5; filing 11-3; filing 11-4; filing 11-5.

Fourteen years and four months later, the petitioner was detained by law enforcement in Omaha, Nebraska. Filing 11 at 5. His prior order of

removal was again reinstated. Filing 11 at 5; filing 11-6. He made an asylum claim, which was denied but is pending appeal. Filing 11 at 6; filing 11-9.

In the meantime, the petitioner remains subject to his reinstated final order of removal. Pursuant to § 1231(a)(5):

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

And because the petitioner is subject to a final order of removal, pursuant to § 1231(a)(2)(A), his detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Perez-Perez v. Blanche*, No. 8:26-CV-219, 2026 WL 1419721, at *1 (D. Neb. May 20, 2026). Accordingly, the petitioner's present detention is lawful.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 23rd day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge